UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO JAVIER GONZALEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO, et al.,<br><br>        Defendants.<br>_____/ | 1:04-cv-06371-OWW-SMS<br><br>**ORDER RE: *IN CAMERA* REVIEW OF PEACE OFFICER PERSONNEL FILES -and- VACATING SETTLEMENT CONFERENCE WITHOUT PREJUDICE**<br><br>Date:  3/21/06<br>Time:  10:00am<br>Ctrm:  7 ~ 6th Floor<br>Judge: Sandra M. Snyder (SMS) |

On or about January 25, 2006, this Court signed a stipulation and order regarding *in camera* review of peace officer personnel files (doc. 23). Thereafter, on February 1, 2006, a banker's box of various and assorted personnel and internal affairs files was delivered to the court by Senior Deputy City Attorney and Legal Advisor to the Fresno Police Department, Melissa White. There was no further communication, other than the e-filing of the stipulation, from either defense counsel James J. Arendt and/or plaintiff's counsel Jacob M. Weisberg regarding the scope of the *in camera* investigation required.
//

1

Helpful to an understanding of what this Court is characterizing as a "communication disconnect" is the following:

A. It is this Court's custom and practice, at her own scheduling conferences, to direct counsel in civil rights excessive force cases to agree to disagree about discovery and the need to review peace officer personnel files and/or agency internal investigation files regarding named defendants.  If counsel agree to do so without noticed motion, any such files may be delivered to this Court's chambers for *in camera* review for an order regarding production of documents pursuant to a protective order that counsel will have agreed upon and filed.

Counsel in this case, obviously familiar with this Court's practice, arranged to have files delivered to chambers through courtroom deputy Harriet Herman, who simply confirmed that "the files" should be brought to chambers.  Lost in Ms. Herman's assumption regarding delivery was the fact that this Court had had no conversation with counsel in **this** case or had any idea of the depth and scope of review based on knowledge of the case from either (1) a conversation with counsel at the scheduling conference, which is the usual contact this Court has regarding such a forthcoming review, or (2) a joint letter from counsel, or (3) a joint informal telephonic conversation with counsel indicating the records are on their way and what is expected of the Court.

In this instance, the Court did not schedule the case; the Honorable Oliver W. Wanger did.  And, in fact, as there have been no discovery disputes to date in this case, this Court has had no contact with this case whatsoever.  Further, the

2

1  stipulation, filed on January 25, 2006, is woefully lacking in
2  any direction:

3         The Court will review the records and notify
          defense counsel (under seal) of the Court's
4         intentions with respect to the production of
          documents it deems discoverable pursuant to
5         applicable case and statutory law.

6     In an effort to get a feeling for which defendants were
7  alleged to have done what, this Court reviewed the scheduling
8  conference order filed March 31, 2005 (doc. 16).  Based strictly
9  on that as a familiarizing document, this Court is extremely
10 concerned about what counsels' expectations are regarding the
11 various named defendants and the discovery sought.  For example,
12 there are several officers named in the first amended complaint,
13 filed March 17, 2005 (doc. 12), who apparently had no contact
14 with the plaintiff save and except they were at the scene of the
15 alleged incident.  Before this Court reads the many and extensive
16 files presented, more direction than that provided as set forth
17 above will be required.

18    B. Acknowledging that the actions of the Court's own staff
19 is an extension of the Court herself, nonetheless Ms. Herman
20 assumed the Court knew the records were on their way and knew
21 what counsel expected in the review.  The records arrived without
22 Ms. Herman's knowledge, and had no attached letter or court
23 order.  The Court, confused, needing to do some research to even
24 glean the mission, and due to the press of other business,
25 simply prioritized any review to take place at the Court's
26 convenience, particularly since the Court had no say in the
27 timing of the informal production.  However, due to a critical
28 need to have the original files returned immediately to Fresno

1  Police Department Legal Counsel, Ms. White, the Court hereby
2  DIRECTS that the box be retrieved at Ms. White's convenience
3  without the Court having reviewed the files pursuant to the
4  stipulation.
5       C. Counsel in this case, Mr. Weisberg and Mr. Arendt, are
6  DIRECTED to meet and confer regarding the depth and breadth of
7  the review being asked of the Court, and are ORDERED to put
8  together a joint letter and/or pleading setting forth their
9  positions.  In fact, if the meet and confer results in counsel
10 being in disagreement as to what is potentially discoverable,
11 counsel are ORDERED to coordinate an informal conference with the
12 Court, to be held in chambers, in which this particular discovery
13 will be discussed.
14      D. Lastly, this Court places absolutely no responsibility
15 for the lack of information regarding these records with Senior
16 Deputy City Attorney and Fresno Police Department Legal Advisor
17 Melissa White.  She has been extremely cooperative and
18 understanding with the Court, all the while in serious need of
19 the return of the files for other purposes.  Her patience is very
20 much appreciated.  In conversation with this Court, she has
21 agreed to return some or all of the files upon request.  It
22 should be noted that the files produced are the original files,
23 and that the Fresno Police Department does not make copies of
24 files such as those presented for any purpose including civil
25 litigation in any court or for any other administrative use.
26      In conclusion, the Court awaits further instruction from
27 counsel.  In the meantime, the settlement conference, presently
28 set for March 21, 2006 at 10:00 a.m. in Courtroom No. 7 on the

4

1  Sixth Floor before this Court, is hereby VACATED without
2  prejudice, to be reset at a time that counsel confer with the
3  Court via conference call regarding this discovery issue as well
4  as other scheduling issues in the case.
5  IT IS SO ORDERED.
6  **Dated:   March 14, 2006**           **/s/ Sandra M. Snyder**
   icido3                                UNITED STATES MAGISTRATE JUDGE