UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO JAVIER GONZALEZ,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO; SGT. MICHAEL MANFREDI; OFFICERS SEAN T. PLYMALE, SAMMY ASHWORTH, BRIAN PHILLIPS, MARCUS TAFOYA, ART R. RODRIGUEZ; JERRY DYER, Chief of the Fresno Police Department, in Their Individual and Official Capacities, et al.,<br><br>              Defendants.<br>_____/ | 1:04-cv-06371-OWW-SMS<br><br>**ORDER re: PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS; ANSWERS TO INTERROGATORIES AND DEPOSITION TESTIMONY** (Doc. 40) |

Plaintiff, Orlando Javier Gonzalez ("Plaintiff"), filed the instant motion to compel production of documents and responses to interrogatories and deposition testimony on July 28, 2006 (Doc. 40). The motion was heard on September 1, 2006, before the Honorable Sandra M. Snyder, United States Magistrate Judge. Jacob M. Weisberg, Esq., appeared on behalf of Plaintiff. James J. Arendt, Esq., appeared on behalf of Defendants, City of Fresno ("City"), Sgt. Michael Manfredi, Officer Sean T. Plymale and Chief of Fresno Police Department Jerry Dyer.

**BACKGROUND**

Plaintiff's civil rights lawsuit, originally filed in Fresno County Superior Court, was removed to U.S. District Court on or about October 6, 2004 (Doc. 1). All Defendants are sued in their individual as well as official capacities. Plaintiff's allegations arise out of an incident that occurred on May 10, 2003. The allegations include (1) violations of the Fourth and Fourteenth Amendments based on Defendants' false arrest of Plaintiff, the unreasonable use of force, including allegations that the City has a policy, pattern, practice and custom of arresting individuals by using improper means (excessive force), of detaining individuals without probable cause, of failure to supervise on excessive force issues, and of condoning and encouraging the unconstitutional conduct of officers (making inaccurate/false statements in police reports to justify the use of excessive force); (2) assault and battery; (3) false arrest and imprisonment; and, (4) negligence.

The parties filed their Joint Stipulation Re: Discovery Disagreement on August 28, 2006 (Doc. 56). At hearing and after argument, it was concluded this Court would need to make use of confidential Internal Affairs (IA) records "relating to the Rolando Celdon matter" already produced to and in the custody of the Honorable Dennis L. Beck for *in camera* review regarding the Rodriquez vs. City of Fresno, et al. (1:05-cv-01017-OWW-DLB) and Rendon vs. City of Fresno et al. (1:05-cv-00661-OWW-DLB) cases. Judge Beck, in the process of reviewing the several hundreds of pages of Celdon documents, forwarded the records to this Court by mid-October upon settlement of the Rodriquez and Rendon matters.

2

**FACTUAL ALLEGATIONS**

According to the First Amended Complaint, filed on March 17, 2005 (Doc. 12), the Fresno Police Department responded to a dispatched call concerning a woman who alleged that she had been assaulted and threatened by her ex-boyfriend, Plaintiff Orlando Gonzalez. It was determined the Plaintiff was on active parole.

The Defendant Officers Manfredi, Plymale and others responded to Plaintiff's residence, entered with a key provided by Plaintiff's mother, and ultimately found Plaintiff seated in a darkened bedroom with another male, both of whom refused commands to show the officers their hands. A scuffle ultimately developed involving Defendant Manfredi and Defendant Plymale's canine, Tymo. Plaintiff was eventually arrested for making terrorist threats, child endangerment, domestic battery, resisting arrest and a parole violation. Plaintiff was ultimately charged only with resisting arrest. Plaintiff alleges that he sustained physical, mental and economic injuries during the incident.

Plaintiff and Defendants have worked out other discovery disputes either among themselves or with the assistance of the Court informally. This particular discovery dispute focuses on Defendants Manfredi and Plymale and Plaintiff's theory of the case that these two officers have a history of making inaccurate statements in police reports to justify the use of excessive force. To support that contention and to establish Plaintiff's *Monell* claims for negligent hiring, training, staffing, and supervision specifically focusing on Officers Manfredi and Plymale's alleged history of making inaccurate statements in police reports, Plaintiff seeks copies of the entire City of

3

Fresno Police Department IA file in what has come to be known as "the Rolando Celdon matter." Plaintiff's contentions, set forth in the Joint Stipulation, pages 4-5 (Doc. 56), state "According to statements of the Fresno Police Department reported in the Fresno Bee, the Police Department has instituted administrative procedures to terminate the employment of Officers Plymale and Manfredi as a result of their actions in a case involving Celdon. The Celdon case involves Plymale, Tymo and Manfredi, the same individuals (and dog) involved in Gonzalez [the herein case]. If the investigation conducted by the department in Celdon or any other case verifies use of excessive force and the making of inaccurate statements in a police report to cover up the use of excessive force, it is relevant and admissible in this case."

Citing Henry vs. County of Shasta, 132 F.3d 512, 519-520 (9th Cir. 1997) relying on Grandstaff vs. City of Borger, 767 F.2d 161 (5th Cir. 1985), Judge Beck ruled that post-event evidence in § 1983 municipal liability cases is, at the very least, discoverable, requiring the City in the Rodriquez case to provide similarly requested information regarding an officer in that case who, coincidentally, used to be a defendant in this case, former Defendant Marcus Tafoya.

**LEGAL STANDARD**

Rule 26(b)(1) of the Federal Rules of Civil procedure provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having

4

1 knowledge of any discoverable matter...The
information sought need not be admissible at
2 trial if the information sought appears
reasonably calculated to lead to the
3 discovery of admissible evidence.

## DISCUSSION

A.  Dispute Regarding Written Discovery -

It appears to the Court that the two (2) demands at issue appear to be the same.  Request for Production Number 20 and Request for Production No. 1, Set 2 read:

> Please produce all documents in your possession custody or control relating to complaints from any source concerning excessive use of force on the part of Officer Sean T. Plymale and Sgt. Michael Manfredi from the date of the incident to March 13, 2006.  This request includes, but is not limited, to the complaints themselves, any follow-up internal affairs investigations of the complaints, and conclusions rendered after the investigations.

As noted above, the parties worked out much of their differences in a March 30, 2006, telephonic conference call with the Court, the Defendants agreeing to produce any and all information responsive to the demands **occurring prior to the date of the subject incident.**  At hearing with this Court, the crux of the argument had to do with any and all potential discovery that was **post-incident,** documents that related to any matters relating to Offficers Manfredi and/or Officer Plymale and his canine, Tymo, that occurred **after** May 10, 2003, the date of the incident that is the subject of this action.

The Celdon matter occurred on October 10, 2005.

The Court herself read the hundreds of pages of documents regarding the Internal Affairs investigation in the Celdon matter.  Mindful of the <u>Henry</u> ruling, a case quite

5

coincidentally that venues in the Eastern District of California, Circuit Judge Reinhardt's words are controlling:

> "...we reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry." Id. At 519.

As to both Officer Manfredi as well as Officer Plymale and his canine, Tymo, any and all information set forth throughout the Celdon IA investigation is relevant to Plaintiff's claims and is therefore discoverable. Defendants shall therefore provide the requested information relating to these officers for the time period beginning with the start of their employment with the Fresno Police Department to the present, including any and all complaints, investigations, reports, interviews, etc., in the Celdon matter. Production shall include the conclusions and recommendations from the IA investigations, including Celdon, which are relevant to *Monell* issues raised in the complaint.

**Any and all information produced pursuant to this Order is subject to a detailed and strict stipulated protective order, to include such proscriptions as documents are to be viewed and used only by the attorneys, counsel's staff persons, and experts ONLY. NO copies are to be made without permission of the Court. No one piece of paper nor any group of documents produced pursuant to this Order shall be used for any purpose other than for the litigation of this lawsuit. All copies shall be returned to the Defendants and/or destroyed after this matter is concluded. NO party to this lawsuit shall view or be given copies of these documents without Court approval prior to trial.**

Note: The Court read and reviewed a great deal of information from the Celdon matter that has nothing to do with either Officer Manfredi or Officer Plymale and Tymo.

B.   Dispute Regarding Deposition Testimony -

With regard to instructions by defense counsel to Defendants Manfredi and Plymale not to answer questions posed at depositions, the Order made above obviates the need to discuss items 2-4 regarding Manfredi, set forth on page 3, lines 15-21 of the Joint Statement. Production of the Celdon materials should answer those questions for Plaintiff. Similarly, with regard to the deposition questions of Plymale set forth in the Joint Statement on page 3-4, lines 24-27 and 1-2, the answers will be contained in the Celdon production.

The one inquiry, then, regarding the eight allegations of unprofessional conduct or poor judgment made regarding Manfredi appears to be the remaining contention for the Court to deal with. Plaintiff claims "that eight allegations of unprofessional conduct or poor judgment against a police officer occurring prior to the incident in question is relevant to *Monell* claims for negligent hiring, training, staffing, and supervision and may also be relevant to support Plaintiff's theory discussed below that Officers Manfredi and Plymale have a history of making inaccurate statements in police reports to justify the use of excessive force." See Joint Statement, page -4-, lines 7-11.

Defendant's counsel, James J. Arendt, declares that he personally reviewed these IA investigations and none of them contained any allegations of excessive force, false arrest, fabrication of reports, or any other issues relevant to this

7

1  lawsuit.  "For example," Arendt states, "a complaint for
2  insubordination to a ranking officer has no relevance to
3  establishing a *Monell* claim for failure to supervise on excessive
4  force issues, nor would it lead to discoverable information."
5  See Joint Statement, page -17-, lines 21-23.
6         More is at issue here than excessive force.
7  Fabrication of reports by or at the direction of either or both
8  Defendants seems to be taking center stage.  To the extent any or
9  all of those other eight IA investigations deal with
10 falsification of reports and/or, for example, insubordination due
11 to allegations of false report writing, the information is
12 relevant and discoverable.  Whether it will be deemed admissible
13 at trial is a separate matter not timely dealt with here.
14         Plaintiff's counsel has asked that the Honorable Oliver
15 W. Wanger conduct an *in camera* review of those eight individual
16 IA investigations to determine discoverability.  It would not be
17 Judge Wanger who would conduct that discovery task; it would be
18 this Court as discovery monitor and manager.  This Court,
19 however, sees no need to spend any more time reviewing IA files.
20 The Celdon review alone took many hours.  The Court is in no
21 position to review all IA investigation files in all cases
22 involving law enforcement excessive force claims.  Seasoned
23 counsel who substantially litigate in this particular area of the
24 law know or should know what is discoverable based on repeat
25 "visits" to this Court and others here in the Fresno Division of
26 the Eastern District of California.
27 //
28 /

IT IS HEREBY ORDERED, then, that counsel for Defendants Manfredi and Plymale go back to those eight IA investigations and produce any and all complaints, investigations, reports, interviews, etc., regarding Defendant Manfredi that have to do with a *Monell* claim focusing on excessive force and/or encouraging others to or writing or producing himself false incident/police reports. The Court agrees that as a hypothetical insubordination having to do with property damage or shift detail/assignments, or inability to get along with colleagues would not be relevant to Plaintiff's claims herein. Cranky or bossy police officers do not appear to be the focus of this lawsuit. Counsel shall produce a summary of what, if any, discipline was imposed but need not produce the findings and conclusions of the Internal Affairs Officers themselves.[1]

**CONCLUSION**

The discovery as ordered herein shall be produced to Plaintiff's counsel on or before February 26, 2007 by 5:00 p.m.

Counsel for Defendants shall arrange to pick up the packet of discovery originally produced to Judge Beck by February 16, 2007. To the extent that entire packet is deemed relevant and discoverable by this Court, having the copies already made should facilitate copying for purposes of production.

IT IS SO ORDERED.

**Dated:   February 12, 2007**          /s/ Sandra M. Snyder
icido3                                   UNITED STATES MAGISTRATE JUDGE

---

[1] See Sanchez v. City of Santa Ana, 936 F2d 1027, 1033 (9th Cir. 1990); Franklin Savings Ass'n v. Ryan, 922 F2d 209, 211 (4th Cir. 1991).

9