**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Orlando Javier Gonzalez,<br><br>      Plaintiff,<br>  v.<br>City of Fresno; Sgt. Michael Manfredi; Officers Sean T. Plymale, Sammy Ashworth, Brian Phillips, Marcus Tafoya, Art R. Rodriguez; Jerry Dyer, Chief of the Fresno Police Department, in Their Individual and Official Capacities,<br><br>      <u>Defendants.</u> | 1:04-cv-06371-OWW-SMS<br><br>ORDER DENYING DEFENDANTS' REQUEST FOR RECONSIDERATION BY THE DISTRICT COURT OF MAGISTRATE JUDGE'S RULING (Doc. 78) AND CLARIFYING ORDER re: PLAINTIFF'S MOTION TO COMPEL RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS; ANSWERS TO INTERROGATORIES AND DEPOSITION TESTIMONY (Doc. 77) |

### I. <u>Introduction</u>

Before the Court for decision is defendants' request for reconsideration of Chief Magistrate Judge Sandra M. Snyder's order compelling defendants to produce information related to an internal affairs investigation known as the "Celdon matter" (Doc. 77) ("Discovery Order"). (Doc. 78).

Defendants seek to set aside the Discovery Order on the grounds that it is clearly erroneous and contrary to law because it requires production of an internal affairs investigation into the Celdon matter–a separate incident not involving plaintiff–that occurred two and one-half years after the incident

at issue here.[1]

## II. Background

### A. Procedural Background of Plaintiff's Lawsuit

Plaintiff, Orlando Javier Gonzalez, originally filed this civil rights lawsuit in Fresno Superior Court in the latter part of 2004. Defendants removed the lawsuit to federal court and subsequently filed a motion to dismiss portions of plaintiff's complaint. By stipulation and court order, the parties took defendants' motion to dismiss off calendar, and plaintiff filed his first amended complaint.

The first amended complaint alleges that defendants violated plaintiff's civil rights under the Fourth and Fourteenth Amendments of the United States Constitution; 42 U.S.C. §§ 1983 and 1988; Article 1, §§ 7 and 13 of the California Constitution; California Civil Code §§ 52 and 52.1; and assault and battery. The crux of plaintiff's first amended complaint is the City of Fresno, its police chief, and several of its officers violated plaintiff's civil rights when one of the officers unleashed a police canine, which bit plaintiff's leg and caused injuries requiring surgical repair. Plaintiff's first amended complaint further alleges that defendants City of Fresno and its police chief negligently hired, trained, staffed, and supervised the defendant officers.

---

[1] Defendants do not seek reconsideration of the Discovery Order to the extent it requires them to produce information related to eight internal affairs investigations regarding allegations of unprofessional conduct by defendant Michael Manfredi. (Doc. No. 80, ¶ 1).

On July 28, 2006, plaintiff filed his motion to compel responses to requests for production of documents, answers to interrogatories, and deposition testimony. (Doc. 40). When plaintiff filed his motion to compel, the discovery cutoff date was September 8, 2006. Plaintiff's motion to compel was set for hearing on September 1, 2006.

Also on July 28, 2006, defendant filed a motion for summary judgment to plaintiff's *Monell* claims against the City of Fresno and Fresno Police Chief Jerry Dyer (Doc. 41); defendants' motion for summary judgment was set for hearing on August 28, 2006. Shortly after defendants filed their motion for summary judgment, plaintiff filed an ex parte application to continue defendants' motion for summary judgment from August 28, 2006, to September 24, 2006. Plaintiff sought a continuance of defendants' motion for summary judgment because of an ongoing discovery dispute between the parties regarding internal affairs investigations of defendants Manfredi and Plymale for incidents that occurred after the incident involving plaintiff. Plaintiff contended the internal affairs investigations involving defendants Manfredi and Plymale are discoverable under the authority of *Henry v. County of Shasta*, 132 F.3d 512 (9th Cir. 1997). By court order and over defendants' objection, defendants' motion for summary judgment was continued to September 25, 2006. (Doc. 54).

Judge Snyder held a hearing on plaintiff's motion to compel on September 1, 2006 and took the matter under submission. On September 12, 2006, plaintiff filed a motion to continue defendants' motion for summary judgment pending the outcome of his motion to compel. (Doc. 65).  At a status conference

3

1  hearing on September 21, 2006, and again over defendants'
2  objection, the motion for summary judgment hearing date of
3  September 25, 2006, and the trial date of October 24, 2006, were
4  vacated, and a further status conference was ordered to be set
5  after a ruling on plaintiff's motion to compel.  (Doc.  74).
6      On February 13, 2007, Judge Snyder issued the Discovery
7  Order granting plaintiff's motion to compel discovery.  (Doc.
8  77).  Eight days after the Discovery Order was entered on the
9  docket, defendants timely filed their "Request for
10 Reconsideration by the District Court of Magistrate Judge's
11 Ruling" under 28 U.S.C. § 636(b)(1)(A) and Local Rule 72-303
12 (Doc. 78), which is now before the court.
13     B.   **Factual Background of Plaintiff's Motion to Compel**
14     On July 28, 2006, plaintiff filed his motion to compel
15 discovery seeking responses to his request for production of
16 documents, answers to interrogatories, and deposition testimony.
17 On August 28, 2006, the parties filed their "Joint Stipulation
18 Regarding Discovery Disagreement" setting forth their respective
19 positions on how the court should resolve their dispute.
20         1.   **Brief Factual Background of the Case**
21     According to the first amended complaint, the Fresno Police
22 Department responded to a domestic violence complaint by
23 plaintiff's ex-girlfriend.  Defendants Manfredi and Plymale,
24 among others, responded to plaintiff's house and entered a small
25 bedroom where plaintiff and another individual were hiding.
26 Defendant Manfredi ordered plaintiff to lay on his stomach.
27 Apparently a scuffle ensued, according to the police report,
28

4

where plaintiff wrapped his arm around defendant Manfredi's leg.[2] In response, defendant Plymale released his canine on plaintiff. The canine bit plaintiff's right calf and caused injuries that required surgical repair.

Plaintiff was arrested for making terrorist threats, child endangerment, domestic battery, resisting arrest, and parole violation. The Fresno County District Attorney did not file charges for these offenses. Plaintiff did, however, plead no contest to obstructing a police officer.

## 2. Issues Presented in Joint Stipulation Regarding Discovery Disagreement

Plaintiff propounded discovery on defendants through a request for production of documents and for the production of documents for the depositions of defendants Manfredi and Plymale. Plaintiff's requests and defendants' responses are as follows.

**Plaintiff's Demand for Production of Documents to Deposition of Manfredi and Plymale**

> 20. Please produce all documents in your possession custody or control relating to complaints from any source concerning excessive use of force on the part of Officer Sean T. Plymale and Sgt. Michael Manfredi from the date of the incident to March 13, 2006. This request includes, but is not limited, to the complaints themselves, any follow-up internal affairs investigations of the complaints, and conclusions rendered after the investigations.

**Defendants' Response**

> This category is objected to on the grounds that it is vague ambiguous and overbroad. Further, it seeks documents that are not relevant to the subject matter of this litigation, nor are they

---

[2] Plaintiff denies wrapping his arm around defendant Manfredi's leg.

5

>likely to lead to the discovery of admissible evidence. These documents are also protected by evidence code section 1040 and 1043, Penal Code section 832.7, the official information privilege, as well as the individual officers rights to privacy. (Please see privilege log and declaration of deputy chief Roger Enmark, previously served with the responses of defendant city of Fresno to plaintiffs request for production, set number one.)

**Plaintiff's Request for Production of Documents, Set 2**

**Request For Production No. 1.**

>2. Please produce all documents in your possession custody or control relating to complaints from any source concerning excessive use of force on the part of Officer Sean T. Plymale and Sgt. Michael Manfredi from the date of the incident to March 13, 2006. This request includes, but is not limited, to the complaints themselves, any follow-up internal affairs investigations of the complaints, and conclusions rendered after the investigations.

>**Defendants' Response**
>Same response as above.

While the incident at issue in this case occurred on May 10, 2003, plaintiff seeks discovery from defendants of documents containing complaints of excessive force on the part of defendants Manfredi and Plymale after this date.

### a. Plaintiff's Contentions

Plaintiff's theory of the case is that defendants Manfredi and Plymale have a history of making false or inaccurate statements in police reports to justify the use of excessive force.

In this case, defendant Plymale's report stated that according to plaintiff's ex-girlfriend, plaintiff is always armed with a knife. However, officer Ia, the only officer to speak with plaintiff's ex-girlfriend, did not include this information in his report, and it does not appear in any other officer's

6

report.  Nor is there an assertion officer Ia provided Plymale with a verbal report of the ex-girlfriend's alleged statement.

The Celdon case involved Plymale, Manfredi, and Tymo, the same officers (and dog) involved in this case.  Plaintiff, therefore, argues the internal affairs investigation into the Celdon matter is discoverable in this case because it may contain relevant information relating to defendants Manfredi's and Plymale's making inaccurate statements to justify excessive use of force.  Plaintiff contends that his case is indistinguishable from *Rodriguez v. City of Fresno*, 1:05-cv-01017-OWW-DLB (holding that post-event evidence in section 1983 municipal liability cases is, at the very least, discoverable).[3]

Plaintiff contends that defendant Manfredi, as in *Rodrigeuz*, falsified police reports and was a supervisor at the scene of the alleged incident, making Manfredi's history of complaints and investigations regarding falsification of reports relevant on the issues of modus operandi, intent, common scheme or plan, absence of mistake, and notice to the city and its chief policy-maker of former and continuing unjustified use of force on suspects, knowing ratification and disregard of continuing violations of citizens civil rights for supervisor's liability and *Monell* purposes.  Plaintiff further contends that defendant Plymale had previous claims made against him for use of excessive force and

---

[3] Citing *Henry v. County of Shasta*, 132 F.3d 512, 518-19 (9th Cir. 1997), Judge Beck ordered the City of Fresno in *Rodriguez* to provide the requested information for the time beginning with the start of one of the defendants' employment through the present.

7

that he has been involved in numerous instances both before and after the incident involving plaintiff where his dog bit a suspect.  Plaintiff also contends that the City of Fresno did not properly supervise defendant Plymale.

### b.   Defendants' Contentions

Defendants, on the other hand, contend that the Celdon matter is not discoverable in this case for several reasons. First, the Celdon incident occurred two and one-half years after the incident involving plaintiff, and such remoteness in time negates any discoverability under *Henry v. County of Shasta*, 132 F.3d at 512. Additionally, plaintiff's case is factually distinguishable from *Henry*.  Second, *Henry* does not stand for the proposition that post-event complaints of excessive force involving third parties are discoverable.  Third, plaintiff failed to demonstrate how the Celdon matter is relevant and admissible.  Fourth, the Celdon matter is not relevant to the *Monell* cause of action because it demonstrates defendant City of Fresno does not have a custom of ignoring complaints of excessive force.  Fifth, plaintiff's case is factually distinguishable from *Rodriguez v. City of Fresno, et al.*, 1:05-cv-01017-OWW-DLB.

### 3.   Judge Snyder's Discovery Order

The Discovery Order granting plaintiff's motion to compel relied on Federal Rule of Civil Procedure ("FRCP") 26(b)(1) and *Henry*.  Citing *Henry* for the proposition "we reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry[,]" *Henry*, 132 F.3d at 519, Judge Snyder found "[a]s to both officer

8

Manfredi as well as officer Plymale and his canine, Tymo, any and all information set forth throughout the Celdon IA investigation is relevant to plaintiff's claims and is therefore discoverable."

Based on this finding, the Discovery Order required defendants to "provide the requested information relating to these officers for the time period beginning with the start of their employment with the Fresno Police Department to the present, including any and all complaints, investigations, reports, interviews, etc., in the Celdon matter." (Doc. 77, p. 6 lns. 10-15). The Discovery Order further required that "[p]roduction shall include the conclusions and recommendations from the IA investigations, including Celdon, which are relevant to *Monell* issues raised in the complaint." (Doc. 77, p. 6 lns. 15-17).

### III. Standard of Review

A district judge may designate a magistrate judge to hear and determine certain pretrial matters before the court, including motions to compel discovery. 28 U.S.C. § 636(b)(1)(A). The district judge, however, retains authority to reconsider any pretrial matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *Id.*; *Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991); Fed. R. Civ. P. 72(a) (The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law.).

"A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire

9

evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *DeFazio v. Wallis*, 459 F. Supp. 2d 159, 163 (E.D.N.Y. 2006).

### IV. Law and Analysis

Defendants contend the Discovery Order requiring them to produce post-incident internal affairs investigations is clearly erroneous and contrary to law for four reasons. First, the Discovery Order compelled disclosure of documents beyond the scope of what plaintiff requested. Second, *Henry v. County of Shasta*, 132 F.3d 512 (9th Cir. 1997), a case plaintiff and Judge Snyder relied on, is not applicable to this case. Third, *Rodriguez v. City of Fresno, et al.*, 1:05-CV-01017-OWW-DLB, a case plaintiff and the Discovery Order relied on, is distinguishable from this case. Fourth, plaintiff's anticipated use of internal affairs investigations that occurred after the incident between plaintiff and defendants are not discoverable or relevant.

    A.    **Whether the Discovery Order Comports With the Scope of Plaintiff's Discovery Request**

Plaintiff requested documents for the time period beginning May 10, 2003, and ending March 13, 2006, which represents the period from the date of the alleged incident to the date of

plaintiff's original discovery request.[4]  The Discovery Order, however, required the production of documents "beginning with the start of [the defendants'] employment to the present, including any and all complaints, investigations, interviews, etc., in the Celdon matter."  (Doc. 77 p. 6, lns. 12-15).

Defendants argue that the scope of discovery ordered may date back 21 years for defendant Manfredi and 12 years for defendant Plymale.  Defendants contend that the Court erred by ordering the production of documents that were not requested by plaintiff, that are not relevant, and that will not lead to the discovery of admissible evidence in this case.  Plaintiff contends that defendants misinterpret both his request and the Discovery Order.

Plaintiff's original discovery request spanned from the date of the incident at issue to the date of the discovery request. To the extent the Discovery Order requires production of information from the start of defendant Manfredi's and defendant Plymale's employment, the Discovery Order exceeded the scope of the plaintiff's discovery request.  Defendants shall therefore provide the requested information relating to officers Manfredi and Plymale from the time period beginning three years prior to May 10, 2003, to the date of service of this Order.  The

---

[4] Plaintiff's discovery request provided: "Please produce all documents in your possession custody or control relating to complaints from any source concerning excessive use of force on the part of Officer Sean T. Plymale and Sgt. Michael Manfredi from the date of the incident to March 13, 2006.  This request includes, but is not limited, to the complaints themselves, any follow-up internal affairs investigations of the complaints, and conclusions rendered after the investigations.

11

requested information shall include, but is not limited to, all findings, conclusions, and recommendations in internal affairs reports or other disciplinary findings entered in the Celdon matter or other incidents of claimed misconduct regarding officers Manfredi and Plymale.

### B. Whether the Discovery Order's Reliance on *Henry v. County of Shasta* is Contrary to Law

Defendants contend that *Henry* does not hold that subsequent complaints of excessive force made against a police officer in a use of force case are discoverable and distinguishes the current case from *Henry* on three grounds.  First, the remoteness in time between the incident at issue in this case and the Celdon matter negates any possible discovery of the subsequent incident and is clearly beyond the scope of the time span considered in *Henry*. Second, the cases cited in *Henry* are not applicable to the instant matter because they dealt with the department's response to the subject incident itself, not a separate incident as in the current case.  Third, the facts in *Henry* are distinguishable from the circumstances presented in this case.

Plaintiff argues that the issue is whether evidence from the Celdon incident itself is reasonably calculated to lead to the discovery of admissible evidence on any of plaintiff's theories of liability.

There is little distinction between *Henry* and this case. The Celdon incident occurred two and one-half years after the subject incident and the *Henry* post-incident events occurred two to three months and two and one-half months after Henry was arrested.  Whether the events are close in time is neither

12

dispositive nor probative of whether the Celdon report is discoverable.  Here, plaintiff alleges a continuing pattern of wrongful misconduct, ratified and condoned by the policy makers of the Fresno Police Department.

The case for discoverability is stronger than in *Henry*. *Henry* involved an appeal of the granting of a summary judgment motion, in which the court found that post-incident evidence was admissible.  This motion is for discovery under FRCP 26(b)(1), which sets forth a broader standard than that for admissibility of evidence.  Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter...The information sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

For the Celdon matter to be discoverable, it need not be admissible at trial; it only needs to appear "reasonably calculated to lead to discovery of admissible evidence."

Discovery of the Celdon matter is relevant to the plaintiff's *Monell* theories.  Stringent relevancy standards would cause difficulties for plaintiffs because it is unlikely that they know the exact content of confidential police files.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 667-68 (N.D. Cal. 1987).  It should be "sufficient for a [p]laintiff to show how information of the *kind* that is likely to be in the files could lead to admissible evidence."  *Id.* At 668.  The reasoning in *Kelly* is

13

persuasive. Under *Kelly*'s reasoning, the plaintiff's request for discovery of the Celdon matter is relevant and is not overbroad.

The time distinction between the two cases does not affect the discoverability of the Celdon matter. However, it may bear on the sufficiency of notice the city had regarding the officers' action, and ultimately to the success of plaintiff's *Monell* claim. Remoteness in time goes to weight of the evidence, not whether the Celdon matter is discoverable.

Further, Judge Snyder reviewed *in camera*, substantial quantities of information and determined that portions were relevant to plaintiff's claims and are discoverable. FRCP 72(a) provides magistrate judges with broad discretion in resolving discovery disputes. The standard of review is lenient and deferential to the magistrate judge. *See Clark v. Milam*, 847 F. Supp. 424, 424-25 (S.D. W. Va. 1994). Judge Snyder's Discovery Order requiring defendants to produce certain information contained in the the Celdon matter is not contrary to law.

Defendants argue that the *Larez*, *McRorie*, and *Grandstaff* cases cited in *Henry*, are not applicable to the current case and do not hold that other unrelated complaints of excessive force against defendant officers are discoverable. Defendants contend that the post-event evidence in such cases is the department's response to the subject incident itself, not other incidents. Defendants further contend that the *Henry* facts are distinguishable from the this case because *Henry* cites cases where "the county permitted an almost identical incident as that complained of by Henry to occur after the county was sued and after being put on notice unequivocally of its deputies' and

14

nurses' unconstitutional treatment of Henry." *Id.* at 519.  It is not the province of a district court to decide whether the Ninth Circuit correctly relied on out-of-circuit cases when deciding *Henry*.  Rather, the Ninth Circuit's decision in *Henry* binds this Court.  According to *Henry*, "...post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry."  Id. At 519.

This case is not factually distinguishable from *Henry*.  While the defendants contend that *Henry* involved jail strip search and this case involved an arrest with excessive force by a canine, and false reports to provide probable cause, this discrepancy is insignificant because both cases involve a municipal defendant and its policies or customs.  Furthermore, both cases involve post-incident events that are separate incidents that could demonstrate the existence of a municipal defendant's policy or custom.  This case is not factually distinguishable from *Henry* and the Discovery Order is not contrary to law.

   C.   **Whether *Rodriguez v. City of Fresno* Can Be Distinguished**

Defendants argue that there are significant differences between the current case and *Rodriguez v. City of Fresno*.  First, the extended time span distinguishes the case from *Henry*.  The Celdon incident occurred approximately seven months after the Rodriguez incident, while the Celdon incident occurred approximately two and a half years after the Gonzalez incident.  Second, Judge Beck's findings in *Rodriguez* were based upon the

15

plaintiff's allegations that defendant Manfredi acted with Officer Tafoya in falsifying police reports.  In this case, there could not be any complicity in falsifying a report because defendant Manfredi did not prepare any reports related to plaintiff's arrest.  Third, Judge Beck never ruled that the Celdon investigation should be disclosed, as the case was resolved while he was in the process of conducting an *in camera* review of the Fresno Police Department files.

Plaintiff responds by stating that the underlying factual allegations of excessive force and falsification of police reports in *Rodriguez* are indistinguishable from Gonzalez and the reasoning of Judge Beck's decision is equally valid and compelling.

As previously explained, the time distinction between the two cases does not affect the discoverability of the Celdon matter.

Even if Sergeant Manfredi did not prepare any reports related to plaintiff's arrest, Manfredi was a supervisor at the scene.  As a supervisor, Manfredi likely set the tone for his subordinate officers' actions, and his history of complaints or investigations of excessive force are entirely relevant and discoverable.

Although Judge Beck never rendered a decision regarding the disclosure of the Celdon matter in *Rodriguez*, the Discovery Order did not misapply the *Rodriguez* case.  The Discovery Order also correctly relies on the Ninth Circuit's decision in *Henry*, which is binding on all lower courts in this circuit.

D.   **Whether Plaintiff's Anticipated Use of the Celdon**

16

### Matter Internal Affairs Investigation Renders It Discoverable

Defendants argue that the information in the Celdon matter would not be admissible or relevant. Plaintiff argues that information sought need not be admissible at trial as long as it "appears reasonably calculated to lead to discovery of admissible evidence." FRCP 26(b)(1). Whether information sought would be admissible at trial is not the test to determine whether information is discoverable. The test is, as plaintiff correctly points out, that relevant information may be discoverable if it "appears reasonably calculated to lead to discovery of admissible evidence." FRCP 26(b)(1). FRCP 26 permits discovery of inadmissible facts that appear reasonably calculated to lead to the discovery of admissible evidence. *Thompson v. Department of Housing and Urban Dev.*, 199 F.R.D. 168, 171 (D. Md. 2001). Defendants' argument that information in the Celdon matter is inadmissible fails as a matter of law as it misconstrues the standard governing discoverability under FRCP 26. The Ninth Circuit's decision in *Henry* controls the discoverability and admissibility of post-event evidence. "We reiterate our rule that post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry." *Henry*, 132 F.3d at 519. The facts of this case do not dictate a different result. Under FRCP 26 and *Henry*, information regarding officers Manfredi and Plymale are discoverable; the Discovery Order is not contrary to law.

## V. Conclusion

The Discovery Order is not clearly erroneous or contrary to law. Defendants' request to reconsider the Discovery Order is DENIED, subject to the following clarification:

> Defendants shall provide the requested information relating to officers Manfredi and Plymale from the time period beginning three years prior to May 10, 2003, to the date of service of this Order. The requested information shall include, but is not limited to, all findings, conclusions, and recommendations in internal affairs reports or other disciplinary findings entered in the Celdon matter or other incidents of claimed misconduct regarding officers Manfredi and Plymale.

Counsel for defendants shall arrange for production of the internal affairs and personnel records relating to the Celdon matter and any other misconduct by either defendant officer within ten (10) business days after service by the Clerk of this Order.

Counsel for defendants shall also arrange to pick up the packet of documents produced for the *in camera* review relating to this discovery dispute within ten (10) business days after service by the Clerk of this Order.

IT IS SO ORDERED.

Dated:   September 20, 2007                      /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE