1  James J. Arendt, Esq.        Bar No. 142937
   Michael R. Linden, Esq.      Bar No. 192485
2
        THE LAW FIRM OF
3    WEAKLEY, RATLIFF,
   ARENDT & McGUIRE, LLP
4    1630 East Shaw Avenue, Suite 176
      Fresno, California  93710
5
      Telephone: (559) 221-5256
6     Facsimile:  (559) 221-5262

7  Attorneys for Defendants, CITY OF FRESNO,  CHIEF JERRY DYER, SERGEANT
   MICHAEL MANFREDI, OFFICER SEAN PLYMALE
8

9                    UNITED STATES DISTRICT COURT

10          EASTERN DISTRICT OF CALIFORNIA, FRESNO

11

   ORLANDO JAVIER GONZALEZ,            )  CASE NO. 1:04-cv-06371 OWW SMS
12                                      )
            Plaintiff,                  )
13                                      )  **STIPULATED PROTECTIVE ORDER
                                        )  REGARDING INTERNAL AFFAIRS FILES
14          vs.                         )  MAINTAINED BY THE FRESNO POLICE
                                        )  DEPARTMENT**;
15  CITY OF FRESNO, FRESNO CITY         )
   POLICE DEPARTMENT; SGT. MICHAEL     )  ORDER
16  MANFREDI; OFFICERS SEAN T.          )
   PLYMALE, SAMMY ASHWORTH,            )
17  BRIAN PHILLIPS, MARCUS TAFOYA,      )
   ART R. RODRIGUEZ; JERRY DYER,       )  Trial:   TBA
18  Chief of the Fresno Police Department, in  )
   Their Individual and Official Capacities; and  )
19  DOES 1-75, Inclusive,               )
                                        )
20                                      )
            Defendants.                 )
21  _____ )

22       WHEREAS, the Court has ordered defendants to produce documents containing complaints

23  of excessive force on the part of defendants MANFREDI and PLYMALE from the time period

24  beginning May 10, 2000, to September 21, 2007.  See *Order* (Doc 81).  The defendants agree that

25  if documents relevant to this discovery request are either discovered or generated after September

26  21, 2007, the documents will be provided to Plaintiff's counsel on the same basis as set out in this

27  protective order.

28  / / /

_____
Stipulated Protective Order re: Internal Affairs Files
of Manfredi and Plymale

1    WHEREAS, defendants believe, in good faith, that these documents contain information

2    that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not

3    generally known; and © not normally revealed to the public or third parties or, if disclosed to third

4    parties, would require such third parties to maintain the information in confidence.

5    IT IS HEREBY STIPULATED, by, among and between the parties hereto through their

6    counsel of record, that documents produced pursuant to the Court's order may be designated as

7    "Confidential" by defendants and produced subject to the following Protective Order:

8    1.    The disclosed documents shall be used solely in connection with the civil case of

9    *Orlando Javier Gonzalez v. City of Fresno, et al.*, USDC Case No. CIV-F-04-6371 OWW SMS

10   (E.D. Cal.) and in the preparation and trial of this action, and any related proceeding.  Defendants

11   are not waiving any objections to the admissibility of the documents or portions of the documents

12   in future proceedings, including the trials of the matters.  Any documents submitted in related

13   litigation or that were under seal, remain under seal in this action.

14   2.    Counsel for the City of Fresno shall designate those materials by affixing a mark

15   labeling them as "Confidential."   If any "Confidential" materials cannot be labeled with the

16   aforementioned marking, those materials shall be placed in a sealed envelope or other container that

17   is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

18   3.    Documents or materials designated under this Protective Order as "Confidential"

19   may only be disclosed to the following persons:

20          a)    Jacob M. Weisberg, counsel for plaintiff Orlando Gonzalez;

21          b)    Paralegal, clerical, and secretarial personnel regularly employed by counsel

22   referred to in subpart (a) directly above, including stenographic deposition reporters or

23   videographers retained in connection with this action;

24          c)    Court personnel including stenographic reporters or videographers engaged

25   in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

26          d)    Any expert, consultant or investigator retained in connection with this action;

27          e)    The finder of fact at the time of trial, subject to the court's rulings on in

28   limine motions and objections of counsel;

---

Stipulated Protective Order re: Internal Affairs Files
of Manfredi and Plymale                          2

1    f)    Jacob M. Weisberg, as counsel for plaintiff, may discuss the documents with

2    his client, Orlando Gonzalez.

3    4.    Each recipient of Confidential documents or materials as described above, shall be

4    provided with a copy of this Stipulated Protective Order, which he or she shall read prior to the

5    disclosure of Confidential information.  Upon reading this Stipulated Protective Order, such person

6    shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide

7    by its terms.  Such person must also consent to be subject to the jurisdiction of the United States

8    District Court, Eastern District of California, with respect to any proceeding related to enforcement

9    of this Stipulated Protective Order, including without limitation, any proceeding for contempt.

10   Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the

11   material, shall be in effect until further order of this Court.  Plaintiff's counsel shall be responsible

12   for internally tracking the identities of those individuals to whom copies of documents marked

13   Confidential are given.  Subject to each individual's signature acknowledging that they have read,

14   understand and agree to be bound to this Stipulated Protective Order, counsel for the City will

15   produce to plaintiff's counsel, at plaintiff's expense, a copy of the documents designated as

16   described above.

17   5.    All documents or materials designated as "Confidential" pursuant to this Stipulated

18   Protective Order, and all papers or documents containing information or materials designated as

19   "Confidential," that are filed with the Court for any purpose shall be filed and served under seal,

20   with the following statement affixed to the document or other information:

21   "This envelope is sealed pursuant to order of the Court and contains Confidential

22   Information filed in this case by [name of party] and is not to be opened or the contents thereof to

23   be displayed or revealed except by order of the Court."

24   6.    The designation of information as "Confidential," and the subsequent production

25   thereof, is without prejudice to the right of any party to oppose the admissibility of the designated

26   information.

27   7.    A party may apply to the Court for an order that information or materials labeled

28   "Confidential" are not, in fact, confidential.  Prior to so applying, the party seeking to reclassify

_____

Stipulated Protective Order re: Internal Affairs Files
of Manfredi and Plymale                                    3

1  "Confidential" information shall meet and confer with the producing party.  Until the matter is

2  resolved by the parties or the Court, the information in question shall continue to be treated

3  according to its designation under the terms of this Order.  The producing party shall have the

4  burden of establishing the propriety of the "Confidential" designation.  A party shall not be

5  obligated to challenge the propriety of a confidentiality designation at the time made, and a failure

6  to do so shall not preclude a subsequent challenge thereto.

7          8.      Copies of Confidential Documents

8          The following procedures shall be utilized by the parties in production of documents and

9  materials designated "Confidential":

10              a)      Plaintiff's counsel shall receive one copy of the Confidential documents.

11              b)      Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise

12  divulge any information contained in the confidential documents to any source without further order

13  of the Court or authorization from counsel for the City of Fresno.

14              c)      If plaintiff's counsel believes, in good faith, that he requires additional copies

15  of documents marked "Confidential" in preparation of his case, he shall make a further request for

16  documents to counsel for the City of Fresno.  Upon agreement with counsel for the City of Fresno,

17  copies will be produced in a timely manner to plaintiff's counsel, pursuant to the procedures of this

18  Stipulated Protective Order.  Agreement shall not be unreasonably withheld by counsel for the City

19  of Fresno.

20              d)      Plaintiff shall be billed for the copying of the Confidential documents at the

21  City's cost.

22              e)      Defendants shall produce documents and material marked "Confidential" to

23  plaintiff with a red marking on each page labeled:

24              "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER

25                          JACOB M. WEISBERG, ESQ."

26              f)      If any document or information designated as "confidential" pursuant to this

27  Protective Order is used or disclosed during the course of a deposition, that portion of the

28  deposition record reflecting such material shall be stamped with the appropriate designation and

Stipulated Protective Order re: Internal Affairs Files
of Manfredi and Plymale                                4

1    access shall be limited pursuant to the terms of this Protective Order.  The Court reporter for the

2    deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and

3    each copy thereof, in accordance with paragraph 5 of this Protective Order.  Only individuals who

4    are authorized by this Protective Order to see or receive such material may be present during the

5    discussion or disclosure of such material.

6             9.       Notwithstanding the provisions of paragraph 3 of this Stipulated Protective Order,

7    documents or materials designated "Confidential" produced pursuant to this Stipulated Protective

8    Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee

9    of any trade publication, newspaper, magazine or other media organization.

10            10.      Should any documents or materials designated "Confidential" be disclosed, through

11   inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective

12   Order, the disclosing person(s) shall promptly:

13            (a) inform counsel for the City of Fresno of the recipient(s) and the circumstances

14   of the unauthorized disclosure to the relevant producing person(s) and

15            (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective

16   Order.  No information shall lose its confidential status because it was  disclosed to a person not

17   authorized to receive it under this Stipulated Protective Order.

18            11.      After the conclusion of this litigation, all documents and materials, in whatever form

19   stored or reproduced, containing "Confidential" information will remain confidential, and if filed

20   with the Court, shall remain under seal.  All documents and materials produced to plaintiff pursuant

21   to this stipulated protective order shall be returned to counsel for the City of Fresno in a manner in

22   which counsel will be able to reasonably verify that all documents were returned.

23            All parties also ensure that all persons to whom "Confidential" documents or materials were

24   disclosed shall be returned to counsel for defendants.  The conclusion of this litigation means a

25   termination of the case following trial, settlement or the exhaustion of all appeals.

26            12.      No later than 30 days of settlement or of receiving notice of the entry of an order,

27   judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having

28   received the confidential documents shall return said documents to counsel for the City of Fresno.

1      13.    If any party appeals a jury verdict or order terminating the case, Plaintiff's counsel

2 shall retain possession of all confidential documents pending final outcome of the appeal after

3 which they shall be returned to counsel for the City of Fresno.

4      14.    This Stipulated Protective Order shall remain in full force and effect and shall

5 continue to be binding on all parties and affected persons after this litigation terminates, subject to

6 any subsequent modifications of this Stipulated Protective Order for good cause shown by this

7 Court or any Court having jurisdiction over an appeal of this action.  After this action terminates,

8 any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good

9 cause shown or by the parties' stipulation.

10      15.    The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make

11 such amendments, modifications and additions to this Protective Order as it may from time to time

12 deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use

13 or disclosure of confidential material.

14 DATED: October 1, 2007

WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

16 By:   /s/  James J. Arendt
James J. Arendt
Attorneys of Defendants, City of Fresno, et al.

17 DATED: October 1, 2007

18 LAW OFFICE OF JACOB M. WEISBERG

19 By:   /s/  Jacob M. Weisberg
Jacob M. Weisberg
20 Attorney for Plaintiff Orlando Gonzalez

21 IT IS SO ORDERED.

22 **Dated:   October 11, 2007**        **/s/ Sandra M. Snyder**
23 UNITED STATES MAGISTRATE JUDGE