James D. Weakley, Esq.        Bar No. 082853
James J. Arendt, Esq.         Bar No. 142937

THE LAW FIRM OF
WEAKLEY, RATLIFF,
ARENDT & McGUIRE, LLP
1630 East Shaw Avenue, Suite 176
Fresno, California  93710

Telephone: (559) 221-5256
Facsimile:  (559) 221-5262

Attorneys for Defendants, CITY OF FRESNO, CHIEF JERRY DYER, SERGEANT MICHAEL MANFREDI, and OFFICER SEAN PLYMALE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO

| | |
|---|---|
| ORLANDO JAVIER GONZALEZ,<br><br>    Plaintiff,<br><br>    vs.<br><br>CITY OF FRESNO, FRESNO CITY POLICE DEPARTMENT; SGT. MICHAEL MANFREDI; OFFICERS SEAN T. PLYMALE, SAMMY ASHWORTH, BRIAN PHILLIPS, MARCUS TAFOYA, ART R. RODRIGUEZ; JERRY DYER, Chief of the Fresno Police Department, in Their Individual and Official Capacities; and DOES 1-75, Inclusive,<br><br>    Defendants. | CASE NO. 1:04-cv-06371 OWW-SMS<br><br>**STIPULATED PROTECTIVE ORDER REGARDING CIVIL SERVICE APPEAL HEARING RECORDS OF MANFREDI AND PLYMALE** |

WHEREAS, defendants believe, in good faith, that these documents contain information that is: (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; and c) not normally revealed to the public or third parties or, if disclosed to third parties, would require such third parties to maintain the information in confidence.

IT IS HEREBY STIPULATED, by, among and between the parties hereto through their counsel of record, that documents produced pursuant to the Court's order may be designated as "Confidential" by defendants and produced subject to the following Protective Order:

---

1. The disclosed documents shall be used solely in connection with the civil case of *Orlando Javier Gonzalez v. City of Fresno, et al.*, USDC Case No. CIV-F-04-6371 OWW SMS (E.D. Cal.) and in the preparation and trial of this action, and any related proceeding. Defendants are not waiving any objections to the admissibility of the documents or portions of the documents in future proceedings, including the trials of the matters. Any documents submitted in related litigation or that were under seal, remain under seal in this action.

2. Counsel for the City of Fresno shall designate those materials by affixing a mark labeling them as "Confidential." If any "Confidential" materials cannot be labeled with the aforementioned marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

    a) Jacob M. Weisberg, counsel for plaintiff Orlando Gonzalez;

    b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

    c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    d) Any expert, consultant or investigator retained in connection with this action;

    e) The finder of fact at the time of trial, subject to the court's rulings on in limine motions and objections of counsel;

    f) Jacob M. Weisberg, as counsel for plaintiff, may discuss the documents with his client, Orlando Gonzalez.

4. Each recipient of Confidential documents or materials as described above, shall be provided with a copy of this Stipulated Protective Order, which he or she shall read prior to the disclosure of Confidential information. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States

District Court, Eastern District of California, with respect to any proceeding related to enforcement of this Stipulated Protective Order, including without limitation, any proceeding for contempt. Provisions of this Stipulated Protective Order, insofar as they restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiff's counsel shall be responsible for internally tracking the identities of those individuals to whom copies of documents marked Confidential are given. Subject to each individual's signature acknowledging that they have read, understand and agree to be bound to this Stipulated Protective Order, counsel for the City will produce to plaintiff's counsel, at plaintiff's expense, a copy of the documents designated as described above.

5. All documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, and all papers or documents containing information or materials designated as "Confidential," that are filed with the Court for any purpose shall be filed and served under seal, with the following statement affixed to the document or other information:

"This envelope is sealed pursuant to order of the Court and contains Confidential Information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court."

6. The designation of information as "Confidential," and the subsequent production thereof, is without prejudice to the right of any party to oppose the admissibility of the designated information.

7. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to so applying, the party seeking to reclassify "Confidential" information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.

8. Copies of Confidential Documents

1  The following procedures shall be utilized by the parties in production of documents and
2  materials designated "Confidential":

3  a) Plaintiff's counsel shall receive one copy of the Confidential documents.

4  b) Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise
5  divulge any information contained in the confidential documents to any source without further order
6  of the Court or authorization from counsel for the City of Fresno.

7  c) If plaintiff's counsel believes, in good faith, that he requires additional copies
8  of documents marked "Confidential" in preparation of his case, he shall make a further request for
9  documents to counsel for the City of Fresno. Upon agreement with counsel for the City of Fresno,
10 copies will be produced in a timely manner to plaintiff's counsel, pursuant to the procedures of this
11 Stipulated Protective Order. Agreement shall not be unreasonably withheld by counsel for the City
12 of Fresno.

13 d) Plaintiff shall be billed for the copying of the Confidential documents at the
14 City's cost.

15 e) Defendants shall produce documents and material marked "Confidential" to
16 plaintiff with a red marking on each page labeled:

17 "CONFIDENTIAL MATERIAL SUBJECT TO PROTECTIVE ORDER
18 JACOB M. WEISBERG, ESQ."

19 f) If any document or information designated as "confidential" pursuant to this
20 Protective Order is used or disclosed during the course of a deposition, that portion of the
21 deposition record reflecting such material shall be stamped with the appropriate designation and
22 access shall be limited pursuant to the terms of this Protective Order. The Court reporter for the
23 deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits, and
24 each copy thereof, in accordance with paragraph 5 of this Protective Order. Only individuals who
25 are authorized by this Protective Order to see or receive such material may be present during the
26 discussion or disclosure of such material.

27 9. Notwithstanding the provisions of paragraph 3 of this Stipulated Protective Order,
28 documents or materials designated "Confidential" produced pursuant to this Stipulated Protective

1  Order may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee
2  of any trade publication, newspaper, magazine or other media organization.
3      10.   Should any documents or materials designated "Confidential" be disclosed, through
4  inadvertence or otherwise, to any person not authorized to receive it under this Stipulated Protective
5  Order, the disclosing person(s) shall promptly:
6      (a) inform counsel for the City of Fresno of the recipient(s) and the circumstances
7  of the unauthorized disclosure to the relevant producing person(s) and
8      (b) use best efforts to bind the recipient(s) to the terms of this Stipulated Protective
9  Order.  No information shall lose its confidential status because it was disclosed to a person not
10 authorized to receive it under this Stipulated Protective Order.
11     11.   After the conclusion of this litigation, all documents and materials, in whatever form
12 stored or reproduced, containing "Confidential" information will remain confidential, and if filed
13 with the Court, shall remain under seal.  All documents and materials produced to plaintiff pursuant
14 to this stipulated protective order shall be returned to counsel for the City of Fresno in a manner in
15 which counsel will be able to reasonably verify that all documents were returned.
16     All parties also ensure that all persons to whom "Confidential" documents or materials were
17 disclosed shall be returned to counsel for defendants.  The conclusion of this litigation means a
18 termination of the case following trial, settlement or the exhaustion of all appeals.
19     12.   No later than 30 days of settlement or of receiving notice of the entry of an order,
20 judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having
21 received the confidential documents shall return said documents to counsel for the City of Fresno.
22     13.   If any party appeals a jury verdict or order terminating the case, Plaintiff's counsel
23 shall retain possession of all confidential documents pending final outcome of the appeal after
24 which they shall be returned to counsel for the City of Fresno.
25     14.   This Stipulated Protective Order shall remain in full force and effect and shall
26 continue to be binding on all parties and affected persons after this litigation terminates, subject to
27 any subsequent modifications of this Stipulated Protective Order for good cause shown by this
28 Court or any Court having jurisdiction over an appeal of this action.  After this action terminates,

1  any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good
2  cause shown or by the parties' stipulation.
3      15.   The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make
4  such amendments, modifications and additions to this Protective Order as it may from time to time
5  deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use
6  or disclosure of confidential material.

8  DATED: January 8, 2008
                                              WEAKLEY, RATLIFF, ARENDT & McGUIRE, LLP

10                                     By:    /s/ James D. Weakley
                                              James D. Weakley
11                                            Attorneys of Defendants, City of Fresno, et al.

13  DATED: January 8, 2008
                                              LAW OFFICE OF JACOB M. WEISBERG

14                                     By:    /s/ Jacob M. Weisberg
                                              Jacob M. Weisberg
15                                            Attorney for Plaintiff, Orlando Javier Gonzalez

16  IT IS SO ORDERED.

17  **Dated:   January 11, 2008**                   **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

---

Stipulated Protective Order re: Civil Service Appeal
Hearing Records of Manfredi and Plymale                 6